
RECEIVED
JUL 2 7 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ERVIN DWAYNE LEDOUX AND JOSEPH MARVIN ARNAUD, JR. | CIVIL ACTION NO. 04-2345 C/W CIVIL ACTION NO. 04-2444 |
| VERSUS | JUDGE DOHERTY |
| ROLLS ROYCE CORPORATION, ET AL | MAGISTRATE JUDGE METHVIN |

## **MEMORANDUM RULING**

In these consolidated matters, this Court is presented with novel removal-related issues presented through the context of the currently pending motions. Specifically, motions to remand have been filed on behalf of the plaintiffs (Ervin Ledoux and Joseph Marvin Arnaud, Jr.), Harry Vincent Sowle (a defendant/cross-claimant), and Petroleum Helicopters, Inc. (a defendant/cross-claimant). The motions are opposed by the removing parties, Rolls-Royce Corporation and Bell Helicopter Textron, Inc. Because this Court patently does not have subject matter jurisdiction over this litigation, the motions will be granted and the litigation remanded to state court.

This litigation arises out of a helicopter accident that occurred on or about November 16, 2003, offshore of the coast of Louisiana. Mr. Sowle was the pilot of the helicopter when it crashed; Messrs. Ledoux and Arnaud were passengers. All three claim to have been injured in the accident. Messrs. Ledoux and Arnaud, both residents of the State of Louisiana, filed a Petition for Damages in the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana, on August 6, 2004. They named as defendants Rolls-Royce, Bell Helicopter, Petroleum Helicopters, Inc. ["PHI"], National Union Fire Insurance Company of Louisiana, and Harry Vincent Sowle (the pilot). PHI is a citizen of Louisiana, as is National Union (in its role as PHI's insurer, pursuant to Louisiana law),

as well as Mr. Sowle.

Later in August, 2004, Mr. Sowle filed a document entitled "Incidental Demand" in the same lawsuit alleging that the accident had been caused by malfunctions within the helicopter or its engine and asserting his own claims against Rolls-Royce and Bell Helicopter. While denominated an "Incidental Demand," Mr. Sowle's claim is technically a cross-claim (a claim made by one defendant against one or more co-defendants, arising out of the plaintiff's claims *or* the same incident which forms the basis of the plaintiff's claims).[1] Later, Mr. Sowle amended his cross-claim to add a new party, Howmet Corporation, alleged to be the designer, manufacturer and/or distributor of the engine turbine wheel alleged to have caused the accident;[2] the plaintiffs amended their petition similarly.

Two separate notices were filed removing the state court litigation. First, Bell Helicopter and Rolls-Royce filed a "Notice of Removal of Incidental Demand" on November 12, 2004. This removal notice was assigned Civil Action No. 04-2345 and purports to remove *only* the cross-claims Mr. Sowle asserted against them but not any of the remainder of the litigation. Thereafter, Mr. Sowle, Mr. Ledoux and Mr. Arnaud filed motions seeking remand of this matter to state court. Shortly after the removal, a second "removal" was made from the underlying state litigation to this court. This removal notice was assigned Civil Action No. 04-2444. In this "removal," Rolls-Royce alone purported to remove *one portion* – specifically, the claim reflected in Paragraphs 8 through 14

---

[1] "A party by petition may assert as a cross-claim a demand against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or a reconventional demand or relating to any property that is the subject matter of the original action. The cross-claim may include a demand that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of the demand asserted in the action against the cross-claimant." La. Code Civ. Proc. art. 1071.

[2] "Persons other than those made parties to the original action may be made parties to a cross-claim." La. Code Civ. Proc. art. 1073.

– of a Third Party Demand which had been filed by PHI against Rolls-Royce. PHI has filed a Motion to Remand this action to state court. Thereafter, the two actions were consolidated.

The dispute presented in this case is an unusual one. The parties do not substantially disagree as to the applicable law and the relevant facts. The argument, rather, turns upon two misperceptions which led directly to the removal of this action. Because these misperceptions are the source of the jurisdictional dispute presented in the remand motions, they will be addressed first.

Implicit in what the removing defendants have attempted to do here (*i.e.* the purported removal of cross-claims asserted by one defendant and the purported removal of one claim – out of several – asserted in a third party demand) is the idea that less-than-all of a civil action may be removed from state court. Specifically, the removing defendants assume that they can carve out of the state court litigation those claims that fit the narrow definitions found in the federal jurisdictional statutes and remove only those claims from state court. Because this misperception [to which this Court will refer as the "partial-removal concept"] has impacted the parties' understanding of the scope of the action before this Court (as well as the issues this Court must address in the context of the remand motions) and, moreover, has skewed the briefing accordingly, the misperception must be addressed directly so as to clarify precisely what was removed from state court and, thus, what is now pending before this Court.

The partial-removal concept is not articulated by the defendants in their briefing. They have not acknowledged the concept, provided any explanation of it, nor addressed it in any way whatsoever (despite references to the issue by the movants). As such, the concept is completely unsupported by citation to any statute, jurisprudence, treatise, law review article, or any other authority that could possibly shed light on its genesis. This is a very important gap in the briefing.

The partial-removal concept is in such substantial conflict with so many time-honored and well-settled judicial tenets that it could not possibly be given effect without fleshing out those conflicts and reconciling them.

For instance, the defendants have not explained why they believe the term "civil action," as used in the removal statute, has the same meaning as does the term "claim," (so as to permit the removal of claims only), nor why Congress used the former term if it intended the latter. Additionally, the concept of partial removal would permit the type of pick-and-choose removal of only certain parties' claims (as with the removal the defendants sought to effect here) and, therefore, would have the effect of eliminating the longstanding statutory and jurisprudential requirement that diversity jurisdiction be premised upon *complete* diversity among the parties; the abrogation of this requirement certainly would have to be addressed directly. As a third example, the removing parties' theory of removal could not possibly be accepted without an explanation as to the source of, and justification for, the removal process granting to defendants the authority to rearrange litigation to reflect their preferences by carving it up into howsoever many separate cases they prefer to have proceeding in different courts simultaneously (in this particular case, the defendants preferred to have three separate cases arising out of one helicopter accident proceeding at once – one in state court and two in federal court). This list of conflicts is not intended to be exhaustive, but merely illustrative of the monumental incompatibility between the partial-removal concept and the well-settled, longstanding judicial theory of removal.

No effort to reconcile the aforementioned conflicts has been made by the removing defendants and this Court's independent research has yielded no support for the defendants' concept. The statutory provisions which authorize removal – which reflect Congress' intentions with regard

to the proper scope of removal – do not justify partial removal. Specifically, the federal removal statute authorizes the removal of a "civil action brought in a state court."[3] While the statute does not define the term "civil action," it is this Court's understanding that the term "civil action" refers to the entirety of a litigation, in which any number of different claims may be asserted by the various parties thereto. This understanding is informed, in part, by the legal dictionary, which defines "action," in pertinent part, as "a civil or criminal judicial proceeding."[4] While this Court's review of Fifth Circuit and United States Supreme Court jurisprudence seeking guidance as to the definition of "civil action" as used in the removal statute did not yield substantial information, Wright and Miller have declared that a judge-made prohibition against removing only a portion of an action has been in place for over a century (a fact which sheds light on the absence of relevant jurisprudence):

> There is, however, a sensible judge-made limitation stemming from the civil-action requirement that proceedings that are ancillary to an action pending in state court cannot be removed separately from the main claim. This restriction, which has been applied in numerous cases for over a century, is premised on the notion that it would be wasteful to have a satellite element of the case pending in federal court when the principal claim is being litigated in state court.

14B Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, JURISDICTION § 3721(3d ed. 2005).

Thus, this Court's independent research has reinforced the proposition that removal of only selected claims from a state court action is not permitted, and no support whatsoever for the defendants' theory of partial removal. In light of the use of the term "civil action" in the removal statute, and of this Court's understanding of the term "action" as comprising the entirety of a case, and of the longstanding prohibition against removing only hand-picked claims from state court to

---

[3] 28 U.S.C. § 1441(a).

[4] BLACK'S LAW DICTIONARY, Eighth Edition, at 31 (2004).

federal, and as the removing defendants have made no attempt to reconcile their theory of partial removal with the well-settled judicial tenets with which it is in conflict, this Court finds that the defendants' attempt at a partial removal is contrary to the law and the theory of removal. The legal effect of the first removal herein was to remove the entirety of this action from state court. As a result, the second "removal" was redundant (as well as being flawed in a fashion similar to the first because it sought the removal of only one claim asserted in certain paragraphs of a Third Party Demand). Thus, the proper analysis of whether this Court has subject matter jurisdiction over this case must be made on the basis of the entirety of the action as it existed at the time the first Notice of Removal was filed.

The second preliminary issue this Court must address involves the removing defendants' extensive argument concerning whether the claims they sought to remove were "separate and independent" from the plaintiffs' claims. As with their assumption that a partial removal is possible, the removing defendants fail to direct this Court to the legal source for and/or significance of their argument. In the absence of explicit guidance from the removing parties, this Court is relegated to extrapolating from the argument. The removal statute perhaps speaks to some degree to the issue.

The third section of the removal statute establishes a court's authority, under certain circumstances, to carve a removed action into two separate pieces – the federal question piece and the state law piece – and to remand the state law piece to state court.

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. §1441(c). Section 1441(c) contains the only reference to "separate and independent claims" this Court has located in the removal statute and, thus, provides perhaps the basis for removing defendants' arguments. Thus, this Court will assume that the arguments concerning the alleged "separate and independent" nature of the cross-claims asserted by Mr. Sowle and by PHI are directed at an effort to have this Court apply §1441(c) in the removing defendants' favor in this action.

If this Court's surmise is correct, however, the defendants' efforts are ill-founded for two reasons. First, Section (c) makes specific reference to "1331" jurisdiction, which is federal question jurisdiction, *not* diversity jurisdiction. The notices of removal filed by the removing defendants in *this* matter made specific reference only to diversity jurisdiction. Because there is no federal question in the case at bar, Section (c) is not applicable to this case by its own terms. Second, the statute does not permit the removal of only a portion of a case. Quite to the contrary, it authorizes a party to remove "the entire case," and *then* establishes that the federal district court has the discretion to remand the state law portion of the case. In other words, the statute grants *to the court* the discretion to sever the litigation into two separate pieces proceeding in two separate courts; it does not grant any such authority to the removing parties. Thus, the statute does not apply, by its own terms, to this litigation and, even if it did, it would not authorize the removing defendants to accomplish what they sought to do here. The removing defendants' arguments concerning whether or not the claims asserted by Mr. Sowle and PHI are "separate and independent" are inapposite and, therefore, not persuasive.

Having established the parameters of the action as it exists in this Court, the jurisdictional question becomes clear. Bell Helicopter and Rolls-Royce have removed this action on the basis of

diversity jurisdiction. "A removing party bears the burden of demonstrating that jurisdiction properly exists over the removed action." Smallwood v. Illinois Central Railroad Company, 385 F.3d 568, 572 (5th Cir. 2004) (*en banc*). "To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." Id. Specifically, a removing defendant must prove the matter in controversy exceeds the value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). It is undisputed in this matter that the two plaintiffs (Messrs. Ledoux and Arnaud) are citizens of Louisiana and that they have asserted claims against other citizens of the State of Louisiana (Mr. Sowle, PHI, and National Union). Complete diversity clearly does not exist here and, therefore, this Court does not have jurisdiction over this action.

For the foregoing reasons, the motions to remand this matter to state court will be granted.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 26 day of July, 2005.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE